# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 2:14-cv-00004-MR-DLH

| | |
|---|---|
| NOVA MONTGOMERY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KERRIE A. BROWN, )<br>SUBSTITUTE TRUSTEE; and )<br>MATRESSA R. MORRIS, )<br>SUBSTITUTE TRUSTEE, and )<br>JOHN DOE'S 1-10, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1], filed on February 4, 2014, the Plaintiff's Emergency Motion for Temporary Restraining Order with Memoranda of Law in Support [Doc. 3], filed on February 5, 2014, and the Plaintiff's Motion for Declaratory Relief [Doc. 8]. The Court will deny the Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 3] and the Plaintiff's Motion for Declaratory Relief [Doc. 8] and will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff alleges that she is the owner of certain property located at 4613 Greenspire Road, Balsam, North Carolina ("the property"). [Doc. 1 at ¶ 9]. The Plaintiff alleges that she began to inquire into the beneficiary of her payments against the real estate lien note regarding her property several years ago, but she was not provided with a sufficient answer. [Id. at ¶ 10]. The Plaintiff stopped making payments on the property. While letters were exchanged between the Plaintiff and the Johnson & Freeman law firm, the Plaintiff asserts that she never received the information she was seeking. [Id. at ¶ 11-14].

On June 16, 2013, the unnamed defendant John Doe #1 petitioned the Clerk of Superior Court of Jackson County, North Carolina ("the Clerk") to begin the foreclosure process on the property according to N.C.G.S. § 45-21.16, *et seq*. [Id. at ¶ 16]. The Plaintiff raised her concerns about the "false, fraudulent and fictitious allegations and misrepresentations" which she had allegedly received from the Defendants, but she claims that her concerns were "entirely ignored." [Id. at ¶ 17-20]. On November 15, 2013, the Clerk entered an Order allowing the Defendant substitute trustees in this action to proceed with foreclosure. The Plaintiff missed the appeal deadline set by N.C.G.S. § 45-21.16(d)(1) after such Order was signed,

and later brought a Motion to Allow Appeal. On January 16, 2014, Plaintiff's Motion to Allow Appeal was denied by the Honorable Bradley B. Letts of Jackson County, North Carolina. Additionally, the Plaintiff filed suit in Jackson County, North Carolina on December 23, 2013 against the Defendant substitute trustees, Resurgent Capital Services, LP, and Bank of America Corporation, asserting claims for injunctive relief pursuant to N.C.G.S. § 45-21.34 and for RESPA violation pursuant to 12 U.S.C. § 2605, in addition to moving to dismiss the foreclosure action and strike all allegations and evidence against the Plaintiff. Judge Letts dismissed the suit on January 24, 2014, opining that the Plaintiff had failed to state a claim upon which relief could be granted and that the Plaintiff had failed to join a necessary party. As of the hearing in this present matter, the Plaintiff had not appealed from Judge Letts' order, but the period for doing so had not yet expired.

On February 4, 2014, the Plaintiff filed the current action in this Court, asserting, *inter alia*, claims for deprivation of her due process rights in the course of the foreclosure proceeding. [Doc. 1]. Further, the Plaintiff sought injunctive relief, and on February 5, 2014, she moved for an emergency temporary restraining order and for declaratory relief. [Id., Docs. 3, 8]. On February 5, 2014 at 10:00 a.m., the property foreclosure sale took place in

Jackson County, North Carolina,[1] and on February 5, 2014 at 4:00 p.m. this matter was heard in this Court with regard to the Plaintiff's Emergency Motion for Temporary Restraining Order and the Plaintiff's Motion for Declaratory Relief. [Docs. 3, 8].

II.     **MOTION FOR TEMPORARY RESTRAINING ORDER**

A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2013). A plaintiff seeking a temporary restraining order must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

For the reasons discussed in further detail below, the Plaintiff has no likelihood of success on the merits because this Court has no subject matter jurisdiction over this case.[2] Further, as it does not appear that the foreclosure proceeding which is the subject of this action has in fact

---

1 Because the foreclosure sale took place on February 5, 2014, the upset bid period is still running such that the Plaintiff can still contest the sale in a state court proceeding.

[2] With regard to the likelihood of success on the merits, issues of *res judicata* and collateral estoppel may also arise in this action due to prior state court decisions.

4

concluded with finality, the Plaintiff has not succeeded in demonstrating a sufficient likelihood of irreparable harm.[3]  For these reasons, the Plaintiff's Emergency Motion for a Temporary Restraining Order [Doc. 3] is denied.

## III.  SUBJECT MATTER JURISDICTION

Federal district courts are courts of limited jurisdiction.  <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009).  "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed."  <u>Id.</u>  The lack of subject matter jurisdiction is an issue that may be raised at any time.  <u>See</u> <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In this action, the Plaintiff challenges the validity of foreclosure proceedings of a North Carolina court.  Under the <u>Rooker-Feldman</u> doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments.  <u>See</u> 28 U.S.C. § 1257(a); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker</u>

---

[3] The appeal period with regard to two Jackson County, North Carolina state court orders in this action has not yet closed.

v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

6

those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff argues to this Court that the basis for jurisdiction was that the state court had accepted the Defendants' fraud *in the state court matter*. Thus, the Plaintiff clearly seeks review of the state court proceedings which allowed the foreclosure upon her property, as set forth in the Plaintiff's Complaint. [Doc. 1]. Because the Plaintiff does not allege any injury independent of this state-court action but rather attempts to frame her state-court action as one arising under federal question jurisdiction through the invocation of 28 U.S.C. § 1331 [Doc. 1], the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the Jackson County District Court's orders, she must do so in the state courts.

Further, since this Court has no subject matter jurisdiction over this case, this Court cannot grant the remedy of declaratory relief and must deny the Plaintiff's Motion for Declaratory Relief. [Doc. 8].

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Declaratory Relief [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: February 7, 2014

Martin Reidinger
United States District Judge